Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
40 Wall Street
New York, NY 10005
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

L.L. individually and on behalf of her child S.L., a minor,

         Plaintiffs,      Civ. Action No.

  -against -            **COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,

          Defendant.

—————————————————————————x

Plaintiffs, L.L. individually and on behalf of her child, S.L., a minor, by their attorneys, Law Offices of Irina Roller, PLLC as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, allege and state the following:

1. At all relevant times, Plaintiff D.R. is a minor child with a disability. At all relevant times plaintiffs reside within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

2. At all relevant times, all plaintiffs and/or defendant have resided and/or continue to reside within the County of New York.

3. Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided by the IDEIA, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon the

1

request of this Court, plaintiffs are prepared to disclose plaintiffs' identities *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the "local educational agency" charged with the obligation to provide minor plaintiff herein with a free and appropriate public education (FAPE).

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follow two trials on behalf of the plaintiffs that resulted in two decisions issued by Impartial Hearing Officers ("IHO"), both on the merits in plaintiffs' favor.

6. This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying proceedings, as the plaintiffs are the "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367 without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

8. Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

9. On or about February 18, 2020, plaintiffs, L.L. individually and on behalf of her child S.L., a minor, initiated a due process proceeding against defendant, case no. 192774, to direct defendant to issue reimbursement for tutoring services, tuition reimbursement and/or direct

funding for S.L.'s enrollment at the Windward School, reimbursement for all necessary evaluations, reimbursement for transportation, payment and/or issuance of RSA's for the cost of related services, provide special education transportation, and costs and fees based upon defendant's failure to provide D.R. with a FAPE for the 2019-20 school year.

10. Following a trial, Impartial Hearing Officer James A. Brown, Esq. issued a 9-page Findings of Fact and Decision (FOFD) dated October 19, 2020 for case no. 192774, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education ("FAPE") to the student for the 2019-20 school year.

b. Plaintiffs satisfied Prong II by demonstrating that the Windward School was at all relevant times an appropriate school placement for S.L. for the 2019-20 school year.

c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

11. The impartial hearing officer's Findings of Fact and Decision ("FOFD") dated October 19, 2020 for case no. 192774 directed defendant to pay the student's tuition at the Windward School for the 2019-20 school year.

12. On or about October 12, 2020, plaintiffs, L.L. individually and on behalf of her child S.L., a minor, initiated a due process proceeding against defendant, case no. 202630, against defendant in order to obtain tuition reimbursement and/or direct funding for S.L.'s enrollment at the Windward School, reimbursement for all necessary evaluations, special education transportation and costs and fees based upon defendant's failure to provide S.L. with a FAPE for the 2020-21 school year.

13. Following a trial, Impartial Hearing Officer Mindy G. Wolman, Esq. issued an 11-page Findings of Fact and Decision (FOFD) dated July 5, 2022 for case no. 202630, based upon an

analysis of the three-prong "Burlington-Carter" test in which the IHO found:

a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education ("FAPE") to the student for the 2020-21 school year.

b. Plaintiffs satisfied Prong II by demonstrating that the Windward School was at all relevant times an appropriate school placement for S.L. for the 2020-21 school year.

c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

14.  The impartial hearing officer's Findings of Fact and Decision ("FOFD") dated July 5, 2022 for case no. 202630 directed defendant to fund the tuition cost at the Windward School for the 2020-21 school year.

15. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 192774.

16. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 202630.

17. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the trials related S.L.'s education for the 2019-20 and 2020-21 school years.

18. Plaintiffs are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court.

## PROCEDURAL REQUIREMENTS

19. Plaintiffs repeat, reiterate and reaffirm each and every allegation set forth above as if fully set forth herein.

20. Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

21. This action on behalf of all plaintiffs is timely brought based on the three-year statute of limitations.

22. As a consequence of the two (2) favorable, un-appealed administrative decisions, referenced above, all plaintiffs qualify as "prevailing parties" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

23. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

### RELIEF REQUESTED

**WHEREFORE,** by reason of the foregoing, this Court should: (a) declare plaintiffs to be the prevailing party; (b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the two administrative proceedings; (c) award plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court; and (d) award plaintiffs such other and further relief as this Court deems fair and just.

Dated:  New York, New York
        June 20, 2023

Respectfully submitted,

\_\_s/Irina Roller_____
Irina Roller (IR 0177)
Law Offices of Irina Roller, PLLC
*Attorney for Plaintiffs*
40 Wall Street
New York, N.Y. 10005
(212) 688-1100
Email: *Hearings@RollerEsq.com*

5